577 So.2d 394 (1991)
Charles E. WILSON
v.
STATE of Mississippi.
No. 90-KP-0065.
Supreme Court of Mississippi.
April 3, 1991.
*395 Charles E. Wilson, pro se.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
Charles Wilson was indicted by the Lauderdale County Grand Jury for armed robbery in violation of Miss. Code Ann. § 97-3-79 (1972) and for aggravated assault in violation of Miss. Code Ann. § 97-3-7(2) (1972). Wilson entered a plea of guilty to the charges on February 17, 1989. The petition indicated that Wilson had been advised by his attorney of the nature of the charges against him and had been told what the minimum and maximum sentences would be for a plea of guilty. Wilson's handwritten additions to the petition indicated that he knew the recommended sentence would be ten years for the aggravated assault charge and five years for the armed robbery charge which sentences would be served consecutively.
The petition further stated that Wilson was satisfied with the advice he had received from his attorney and that no one had promised him a lighter sentence or any form of leniency other than the ten years and five years. Wilson included the following statement on the petition:
I armed robbed the Dixie Pak-A-Sak and cut Violet Harper's neck in the process on Nov. 23, 1987 in Meridian Lauderdale County Ms. I used a knife to perform the robbery and the assault.
Included with the petition was a Certificate of Attorney. In it, Wilson's attorney indicated that he had fully explained to Wilson the allegations contained in the indictment and the minimum and maximum *396 penalties for each count. He was satisfied that Wilson understood the nature of the charges and the effect of the guilty plea.
The court accepted the District Attorney's recommendation. Wilson was sentenced to serve ten years on the charge of aggravated assault and five years on the charge of armed robbery, the sentences to run consecutively.
Wilson filed a Petition for Post-Conviction Collateral Relief/Motion to Vacate Judgment and Conviction on November 6, 1989. Wilson claimed that his guilty plea was not voluntarily entered, that he was denied effective assistance of counsel, and that he was wrongfully advised as to the possibility of earning good time on his five year sentence. The court denied the Motion. Wilson appeals that denial.

I. DID THE TRIAL COURT VIOLATE WILSON'S DUE PROCESS RIGHTS BY PERMITTING WILSON'S COUNSEL TO CHANGE WITHOUT OBTAINING LEAVE OF COURT?

II. DID THE TRIAL COURT ERR IN ALLOWING WILSON TO BE CONVICTED OF AGGRAVATED ASSAULT WHEN THE EVIDENCE SUPPORTED, AT MOST, A CHARGE OF SIMPLE ASSAULT?
We have examined the law and the facts with regard to these two issues and find them to be without merit. Therefore, we provide no discussion of these issues.

III. DID THE TRIAL COURT ERR IN DENYING AN EVIDENTIARY HEARING ON WILSON'S MOTION FOR POST-CONVICTION COLLATERAL RELIEF?
In his Motion for Post-Conviction Collateral Relief, Wilson contended that he was denied effective assistance of counsel and that, as a result, his guilty plea was not entered voluntarily. The errors his counsel allegedly made include the following:
1) His counsel advised him that if he pled guilty to armed robbery, earned time would be applicable to that sentence;
2) His counsel failed to advise him of the elements of the charges;
3) His counsel failed to inform him of the maximum and minimum sentences which could be applicable to the charges;
4) His counsel failed to object to the indictment because of the ambiguity and vagueness in the charge; and
5) His counsel failed to inform him of the nature and consequences of a plea of guilty to the multi-count indictment.
The claim of ineffective assistance of counsel is judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two inquiries which must be made under that standard are "(1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987). This standard applies to the entry of a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990).
In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the defendant challenged his guilty plea claiming that his attorney had misinformed him about parole eligibility. The Supreme Court said that "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice `was within the range of competence demanded of attorneys in criminal cases.'" Hill, 474 U.S. at 56, 106 S.Ct. at 369, 88 L.Ed.2d at 208 [quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)].
The Court in Hill placed great emphasis on the second part of the Strickland standard, that of showing that the attorney's performance did in fact influence the defendant's decision. The Court said that the defendant had not met this requirement since he did not allege that he would have insisted on going to trial if he had been correctly informed.
A guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights. A plea is voluntary if *397 the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea. Schmitt, supra, at 153. Where a defendant is not informed of the maximum and minimum sentences he might receive, his guilty plea has not been made either voluntarily or intelligently. Vittitoe v. State, 556 So.2d 1062 (Miss. 1990).
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), stands for the proposition that a complete record should be made to ensure that the defendant's guilty plea is voluntary. There, the defendant pled guilty to five indictments for armed robbery but the record was silent concerning any questions which the judge had asked him about his plea. In holding that the case should be reversed since the record did not disclose whether the plea had been voluntarily made, the Supreme Court said,
What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences. When the judge discharges that function, he leaves a record adequate for any review that may be later sought ... and forestalls the spin-off of collateral proceedings that seek to probe murky memories.
Boykin, 395 U.S. at 243-244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280.
We have followed Boykin. In Alexander v. State, 226 So.2d 905 (Miss. 1969), this Court said that the trial court should not accept the defendant's plea of guilty "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Alexander, 226 So.2d at 909. And while a transcript of the proceeding is essential, other offers of clear and convincing evidence which prove that the defendant entered a guilty plea voluntarily are sufficient. For instance, where an evidentiary hearing has established that a defendant's guilty plea was entered voluntarily, the fact that a record was not made at the time the plea was entered will not be fatal. Taylor v. State, 285 So.2d 172, 177 (Miss. 1973).
Under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et seq. (Supp. 1990), the application for post-conviction relief must, in part, meet the pleading requirements of Section 99-39-9. The application must also present "a claim procedurally alive `substantial[ly] showing denial of a state or federal right.'" Neal v. State, 525 So.2d 1279, 1281 (Miss. 1987).
Wilson claims that his counsel was ineffective and that his guilty plea was not entered voluntarily. The allegations contained in his Motion are not well pleaded but we must consider them anyway "to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted." Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990).
The record contains only Wilson's Petition to Enter a Plea of Guilty. The plea proceeding whereby the court considered the guilty plea and questioned Wilson about it was not transcribed by a court reporter. Because of the inadequate record, it is impossible to make a determination of whether Wilson really understood the nature of his guilty plea. We have commended the practice of a judge who files a transcript of the guilty plea proceedings within days after that proceeding takes place. "This transcript is then available when a post-conviction motion of this nature is filed, allowing for immediate review and rapid disposition of the motion without the expenditure of county funds for transporting the petitioner from Parchman for a hearing." Garlotte v. State, 530 So.2d 693, 694 (Miss. 1988).
Wilson's allegations contained in the Motion, though inartfully drafted, warrant an evidentiary hearing for a determination on those issues. The allegations, if true, amount to a denial of constitutional rights. *398 Because the plea hearing was not transcribed, we have no way of knowing whether Wilson entered his plea voluntarily or whether his attorney provided effective assistance. We can only examine his Petition to Enter Plea of Guilty and that is, for the most part, a standardized form. We reverse and remand for an evidentiary hearing on those two issues.
REVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUES OF THE INEFFECTIVE ASSISTANCE OF COUNSEL AND THE VOLUNTARINESS OF THE GUILTY PLEA; AFFIRMED ON ALL OTHER ISSUES.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.