## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00432-SCT

*FLINTDALE WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/94 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/6/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Before this Court is the appeal by Flintdale Williams of the denial of his motion for post-conviction relief. Finding no basis to support Williams's assignments of error, we affirm.

### I.

Flintdale Williams pleaded guilty in the Circuit Court of Bolivar County to the crimes of armed burglary of an inhabited dwelling at night, aggravated assault, kidnaping, sexual battery, and four counts of rape on May 20, 1991. Subsequently, the circuit judge sentenced Williams to twenty years each for the charges of burglary, kidnaping, aggravated assault, sexual battery, and three counts of rape, to run concurrently; and forty years for the remaining count of rape, to run consecutively, for a total of sixty years in the state penitentiary at Parchman.

On May 18, 1994, Williams filed a motion to withdraw his guilty pleas, charging that his pleas were involuntary and that he received ineffective assistance of counsel. Williams maintained that his pleas were coerced and that his attorney made false promises to him and told him to lie to the circuit judge. Evidently, Williams really was seeking an evidentiary hearing to prove his allegations of involuntary plea. The circuit judge denied Williams's motion on August 22, 1994. Williams was allowed to proceed in forma pauperis, and he timely filed his appeal with this Court, again alleging that his pleas were involuntary and that he received ineffective assistance of counsel.

## II.

### VOLUNTARY PLEA

In order to meet constitutional standards, a guilty plea will only be binding upon a criminal defendant if it is voluntarily and intelligently entered. *Banana v. State*, 635 So. 2d 851, 854 (Miss. 1994); *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992). *See Boykin v. Alabama*, 395 U.S. 238 (1969); *Myers v. State*, 583 So. 2d 174, 177 (Miss. 1991); *Wilson v. State*, 577 So. 2d 394, 397 (Miss. 1991). In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea. *Id.* "It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty." *Smith v. State*, 636 So. 2d 1220, 1225 (Miss. 1994)(quoting *Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990)). Further, Uniform Criminal Rules of Circuit Court Practice Rule 3.03(2), in place at the time of Williams's plea, states that a plea is not voluntary if "induced by fear, violence, deception or improper inducements." Consequently, a plea is voluntary if not induced by fear, violence, deception or improper inducements.

Williams's allegation that his guilty pleas were "induced by misrepresentations of his attorney" was rebutted by the transcript of the plea hearing; therefore, his allegation could be summarily denied without a hearing. *Simpson v. State*, 678 So. 2d 712, 717 (Miss. 1996); *Harveston v. State*, 597 So. 2d 641, 642-43 (Miss.1992). The following excerpts illustrate the voluntariness of Williams's pleas.

> The Court: Alright, sir. Before I can accept your plea of guilty, Mr. Williams, it is necessary that I determine that your plea of guilty, or your pleas of guilty, are knowingly, understandingly, freely and voluntarily made. In order to make this determination, I am going to ask you a series of questions. If you wish to decline to answer any of these questions, you may do so. However, you will be under oath and if you do answer these questions, your answers can be used against you. Your attorneys are seated with you and if you want to consult with Mr. Shah about any questions I ask you, before you answer these questions, you are at liberty to do so. Do you understand what I am saying?

> Williams: Yes, sir.

\*\*\*

> The Court: Do you understand that at this time and in this proceeding, the Court, that is I, as the Judge, am trying to determine if your pleas of guilty are knowingly, understandingly, freely

and voluntarily made in order to decide if I will accept your pleas of guilty; do you understand that is what we are doing right now?

Williams: Yes, sir.

***

The Court: Mr. Williams, you have heard the prosecutor tell the Court what their office recommends as to your sentences. Has anyone led you to expect that the State would recommend any sentences less than what has been stated?

Williams: No, sir.

***

The Court: Do you understand that the Court is not bound by any recommendation that the prosecutor may make, but that the Court will determine what your sentence will be? In other words, do you understand that even though the State may recommend a particular sentence, the Court may decide not to follow that recommendation and it is the Court, that is, I, as the Judge, who will determine what your sentences will be? Do you understand this?

Williams: Yes, sir.

The Court: Knowing this, are you sure that you still want to enter a plea of guilty?

Williams: Yes, sir.

***

The Court: Has anyone threatened you in order to get you to plead guilty?

Williams: No, sir.

The Court: Has anybody promised you anything in order to get you to plead guilty?

Williams: No, sir.

The Court: Has your attorney or any other officer of this Court made any threats or promises to you in this case?

Williams: No, sir.

The Court: Has anybody told you that the Court, that is, I, would be any lighter in imposing sentence on you simply because you entered a plea of guilty?

Williams: No, sir.

The Court: Do you understand that I will not accept your pleas of guilty if you claim that you are innocent? Do you understand?

Williams: Yes, sir.

The Court: Do you fully understand the consequences of your act in pleading guilty, that is, do you understand that by pleading guilty you are admitting that you did in fact commit the crimes stated in the indictment, that is the crimes, all eight of the crimes stated in the indictment?

Williams: Yes, sir.

\*\*\*

The Court: Back to you Mr. Williams, have your attorneys told you to tell the truth in this hearing?

Williams: Yes, sir.

The Court: Have you told the truth in answering every question I have asked you?

Williams: Yes, sir.

The Court: Are you satisfied with the services of both your attorneys?

Williams: Yes, sir.

The Court: Have they threatened you in any manner or promised you anything in order to get you to plead guilty?

Williams: No, sir.

The Court: Do you believe that your attorneys have properly advised you, that is, given you good advice about entering your pleas of guilty here at this time?

Williams: Yes, sir.

\* \* \*

The Court: I have attempted to question you thoroughly about your pleas of guilty to be satisfied that you are fully acquainted with your rights and that your pleas are knowingly, understandingly, freely and voluntarily made; do you still wish to plead guilty on each of the eight counts for which you are charged?

Williams: Yes, sir.

The Court: The Court finds that the pleas of guilty of the Defendant Flintdale Williams to each of the eight counts in Cause Number 7410 are intelligently, understandingly, freely and voluntarily made. Each of the eight pleas of guilty are hereby accepted.

There is nothing in the record, other than Williams's claims, which suggests that he was induced by any fear, violence, deception, or other improper influences. The only affidavit within the record supporting Williams's original motion to withdraw his guilty pleas discusses the identification of Williams by the victim and her sister. It does not mention anything about coercion or inducement by his attorney to lie.

A mere assertion of voluntariness during a plea hearing should not result in a *per se* unchallengeable plea upon collateral attack. In cases like the one sub judice, it would be no waste of judicial resources for the trial court to conduct an evidentiary hearing to give a defendant a chance to explain his position or confront an attorney who may have told the defendant to lie. Nonetheless, in affirming the denial of motions similar to the one made by Williams, this Court in **Simpson**, 678 So. 2d at 716, and **Mowdy v. State**, 638 So. 2d 738, 743-44 (Miss. 1994), relied heavily on statements by the defendants of voluntarily bargained-for sentences. According to the record here, Williams's plea colloquy, sworn to under oath, complied with the Rule 3.03(2) definition of voluntariness. Therefore, Williams's testimony in the circuit court belies his current allegations. This assignment of error is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Although not explicitly argued in his brief, Williams appears to allege that he received ineffective assistance of counsel. Since the allegation is not briefed or supported, this Court will treat the issue as abandoned. **Thibodeaux v. State**, 652 So. 2d 153, 155 (Miss. 1995). "If a party does not provide this support this Court is under no duty to consider assignments of error when no authority is cited." **Hoops v. State**, 681 So.2d 521, 526 (Miss.1996).

## III.

The circuit court below did not err in summarily dismissing Flintdale Williams's motion to withdraw his guilty pleas. Accordingly, the circuit court's ruling in that regard is hereby affirmed.

**LOWER COURT'S DENIAL OF MOTION TO WITHDRAW GUILTY PLEA AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**