# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00504-SCT

*EMMITT RICE a/k/a EMMITT RICE, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/95 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/14/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE AND FACTS

Emmitt Rice was indicted on August 10, 1992, by the Lowndes County Grand Jury for the murder of Ricky Hill. Rice initially pleaded not guilty, but after reaching an agreement with the State, he filed a petition to enter a plea of guilty. The petition set out the plea bargain between Rice and the State under which Rice would plead guilty to the murder of Ricky Hill. In return the State would refrain from prosecuting Rice for two charges of sale of cocaine and retire its case against Rice for simple assault on a law enforcement officer. In the petition, Rice also stated that he was not pleading guilty as a result of any threat or inducement, and that he understood the nature and consequences of the plea and the mandatory penalty. Rice's petition also said that he understood that by pleading guilty he would waive his constitutional rights, including the right to trial by jury, the right to confront and

cross-examine adverse witnesses, and "the right to take the witness stand at my sole option." On August 31, 1992, Circuit Court Judge Lee J. Howard held a hearing on Rice's petition to enter a guilty plea. The judge informed Rice of his constitutional rights, determined that Rice's guilty plea was not induced by threat or force, determined that there was a factual basis to support the guilty plea, and thoroughly explained the charge, effects of pleading guilty, and the mandatory sentence involved. That same day, Judge Howard entered an order stating that Rice's guilty plea was accepted after determining that it was knowingly and voluntarily entered. The judge sentenced Rice to the mandatory term of life imprisonment.

Rice filed his Petition for Post Conviction Relief (PCR motion) in the Lowndes County Circuit Court on July 7, 1994. In his PCR motion, Rice alleged that he was misled by his attorney into pleading guilty and that his guilty plea was not knowingly and voluntarily made. Judge Howard issued an order denying Rice's PCR motion on August 29, 1995, finding that a hearing was unnecessary. On October 19, Rice filed his Motion to Proceed on Out-of-Time Appeal with the circuit court, asserting that he had not received a copy of Judge Howard's order until September 11. He also filed a motion for appointment of counsel. Judge Howard issued an order on November 15 granting Rice's motion for an out-of-time appeal, but denying his motion for appointment of counsel. Aggrieved with the trial judge's denial of his PCR motion, Rice perfected an appeal to this Court.

## STATEMENT OF THE LAW

### I.

### DID EMMITT RICE'S ATTORNEY RENDER CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?

Rice argues that his attorney's performance was deficient, because he misadvised Rice that if he proceeded to trial, he would be convicted as a habitual offender and have to serve the mandatory life sentence. He also states that his attorney wrongfully advised him to plead guilty in light of the fact that others charged with the same offense had agreed to plead guilty. Rice asserts that his attorney misinformed him that he was pleading guilty to manslaughter and failed to inform him of his right against self-incrimination. He claims that he would never have pleaded guilty had it not been for his attorney's deficient performance.

In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In *Hill v. Lockhart*, 474 U.S. 52, 56 (1985), the United States Supreme Court determined that the *Strickland* test for determining ineffective assistance of counsel applies to the challenge of a guilty plea based upon ineffective assistance. *Hill*, 474 U.S. at 58. In order to prove that a guilty plea was rendered involuntary based upon ineffective assistance of counsel, a defendant must first show that his attorney's advice on entering the guilty plea was outside of the realm of competence expected of criminal attorneys. *Id*. at 56-59. "Trial counsel is presumed to be competent." *Brooks v. State*, 573 So.2d 1350, 1353 (Miss. 1990) (citing *Johnson v. State*, 476 So.2d 1195, 1204 (Miss. 1985)).

The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's

constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59.

Rice had already been indicted on a charge of simple assault on a law enforcement officer and was currently being prosecuted before the grand jury on two counts of sale of cocaine. His argument is that he could not be prosecuted for murder as a habitual offender, because he had not yet been convicted of these three felonies. However, it is possible that the State could have dismissed the murder indictment, proceeded with the other three felony charges, and then reindicted Rice for murder by a habitual offender. As a result, even if Rice's attorney advised him that he could be tried as a habitual offender and sentenced to life imprisonment, such advice would not necessarily have been wrong. Furthermore, Rice could not have been prejudiced by this alleged misinformation, because the mandatory sentence for murder under Miss. Code Ann. § 97-3-21 is life imprisonment without parole, so his attorney's advice that he would be sentenced to life imprisonment was correct. Having been correctly informed by both his attorney and the trial judge that the mandatory sentence involved was life imprisonment, Rice possessed sufficient knowledge of the effects of pleading guilty to make a knowing and voluntary guilty plea.

The fact that others had agreed to plead guilty to the same murder charge would have been no defense to Rice. The victim, Ricky Hill, was beaten to death by a group of defendants. Rice admitted at his plea hearing to taking part in the beating. As a result, Rice could have been found guilty despite the guilty pleas of other defendants in the murder charge. *See* Miss. Code Ann. § 97-1-3 (accessory before the fact). Any alleged failure of his attorney to consider the guilty pleas of the other defendants in this case did not render Rice's attorney's performance deficient.

There is no evidence in the record to reflect that Rice was misinformed that he was pleading guilty to manslaughter instead of murder. In fact, at his plea hearing, Rice repeatedly responded that he wished to plead guilty to the charge of murder, and that he understood the nature of the charge. Even if it were true that Rice's attorney misinformed him that he would be pleading guilty to manslaughter, any such error was cured when Rice was properly informed at his plea hearing that the charge was in fact murder, not manslaughter.

There is no evidence to support Rice's contention that his attorney failed to advise him of his right against self-incrimination. In fact, at his plea hearing, Rice testified that his attorney had gone over his constitutional rights with him as set out in his petition to enter plea of guilty. The petition included an explanation that if Rice pleaded not guilty he would have the "right to take the witness stand at my sole option; and, if I do not take the witness stand, I understand, at my option, the jury may be told that this shall not be held against me." Rice's attorney also stated at the plea hearing that he had explained to Rice all of his constitutional rights, and that Rice understood them. Additionally, the trial judge himself advised Rice of the following:

> You're also waiving or giving up your constitutional right to either testify or not testify from this witness stand during that trial as you so elect. The decision is yours as to whether you would or would not testify. However, when you enter a plea of guilty there is no decision for

you to make since there won't be a trial.

Even if his attorney failed to advise Rice of his constitutional right against self-incrimination, any error was cured by the trial judge fully informing Rice of his rights.

Rice was thoroughly advised of his constitutional rights before the trial judge accepted his plea of guilty. Rice has failed to show that he would have proceeded to trial but for any alleged deficiency of performance on the part of his attorney. This assignment of error is without merit.

## II.

### WAS RICE'S GUILTY PLEA INVOLUNTARILY OBTAINED?

Rice argues that his guilty plea was rendered involuntary and unknowing, because neither his attorney nor the court instructed him of his right against self-incrimination. Rule 8.04 of the Uniform Rules of Circuit and County Court Practice, replacing Rule 3.03 of the Mississippi Uniform Criminal Rules of Circuit Court states in pertinent part:

> 3. *Voluntariness*. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

> 4. *Advice to the Defendant*. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:

> a. That the accused is competent to understand the nature of the charge;

> b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;

> c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and *the right against self-incrimination*. . .

URCCC 8.04(3) and (4) (emphasis added).

> In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered. It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty.

*Gilliard v. State*, 462 So.2d 710, 712 (Miss. 1985) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court held that reversible error occurs where the trial court record does not reflect that the defendant voluntarily and knowingly entered a guilty plea. *Boykin*, 395 U.S. at 242-44. For a guilty plea to satisfy the

requirements of the United States Constitution, the record must reflect that the defendant knowingly and voluntarily waived his right against self-incrimination. *Id*. This Court has previously reversed a denial of post-conviction relief and remanded the cause for an evidentiary hearing to determine the voluntariness of the guilty plea where the record did not reflect that the criminal defendant was advised of his right against self-incrimination. *Horton v. State*, 584 So.2d 764, 767-68 (Miss. 1991).

Rice argues that it was insufficient for the trial court to ask him if his attorney had advised him of his constitutional rights and if he had signed a petition waiving those rights, citing *Nelson v. State*, 626 So.2d 121, 126 (Miss. 1993) and *Wilson v. State*, 577 So.2d 394, 397-98 (Miss. 1991). Rice asserts that we should vacate his guilty plea, because the trial judge did not personally advise Rice of his constitutional right against self-incrimination.

It is true that the trial judge must personally advise a criminal defendant of his constitutional rights and determine on the record that the defendant understands those rights. *Nelson*, 626 So.2d at 126; *Wilson*, 577 So.2d at 397-98. However, as stated previously, during Rice's plea hearing, he responded to the trial judge that he understood that by pleading guilty he would waive his "constitutional right to either testify or not testify from this witness stand during that trial as you so elect." Rice also testified that his attorney had informed him of his constitutional rights, and his attorney stated to the court that he had explained to Rice all of his rights. The trial judge specifically found in his order that Rice understood the consequences of pleading guilty and waived "the constitutional right that protects him from compulsory incrimination." The record reflects that the trial judge did not solely rely on Rice's petition or the testimony of Rice and his attorney that Rice's attorney advised him of his constitutional rights. Judge Howard himself also adequately informed Rice of his right against self-incrimination.

Rice claims that because he had already incriminated himself by informing the judge that he wished to change his plea to guilty, it was too late to inform him of his rights. He also argues that informing him of "the constitutional right to either testify or not testify from this witness stand during that trial as you so elect" was not the same as informing him of his right against self-incrimination. Although he did not use the exact words "right against self-incrimination," Judge Howard used adequate safeguards in protecting Rice's right against self-incrimination in this case. Rice voiced his desire to plead guilty before Judge Howard informed him of his rights. However, the judge determined that Rice was fully informed of his rights before accepting his guilty plea. That is all that we require to ensure that a guilty plea is knowingly and voluntarily entered. This issue is also without merit.

### III.

### DID THE CIRCUIT COURT ERR WHEN IT DENIED AND DISMISSED RICE'S MOTION FOR POST-CONVICTION COLLATERAL RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING UPON HIS CLAIMS OR REQUIRING THE STATE TO ANSWER THE SAID CLAIMS?

Rice finally argues that the trial court erred in denying his PCR motion without an evidentiary hearing and without requiring the State to answer his claims. "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss. Code Ann. § 99-39-11(2). Even if the trial judge does not dismiss the motion, he may decide that an

evidentiary hearing is not required. Miss. Code Ann. § 99-39-19.

This Court has previously stated:

> We adhere to the principle that a post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In *Moore v. Ruth*, 556 So.2d 1059, 1061 (Miss. 1990) we held that where a prisoner is proceeding *pro se*, we take that fact into account and, in our discretion, credit not so well pled allegations.

*Turner v. State*, 590 So.2d 871, 874 (Miss. 1991) (internal citations omitted).

Rice cites *Rankin v. State*, 636 So.2d 652, 657 (Miss. 1994) and *Alexander v. State*, 605 So.2d 1170, 1173 (Miss. 1992), to support his assertion that he has raised sufficient questions of fact regarding ineffective assistance of counsel and the voluntariness of his guilty plea to require an evidentiary hearing on his PCR motion. However, as previously discussed, Rice's claims of ineffective assistance of counsel and involuntary guilty plea have no merit. Even taking into consideration Rice's pro se status, the trial judge did not err in following § 99-39-11(2) to dismiss Rice's PCR motion without a hearing, because his claims were "manifestly without merit." *Davidson v. State*, 477 So.2d 944, 944 (Miss. 1985) (quoting *Houston v. State*, 461 So.2d 720, 723 (Miss. 1984) (citing *Sanders v. State*, 440 So.2d 278, 284 (Miss. 1983)).

## CONCLUSION

Rice has failed to make an convincing argument for unknowing, unintelligent, involuntary guilty plea or for ineffective assistance of counsel. Because the claims set out in his petition for post-conviction relief were properly dismissed by the trial court pursuant to Miss. Code Ann. § 99-39-11(2), Rice was not entitled to an evidentiary hearing. We therefore affirm the trial court's dismissal of Rice's petition for post-conviction relief.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**