795 So.2d 589 (2001)
Carlos JONES a/k/a Carlos Monta Jones, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01712-COA.
Court of Appeals of Mississippi.
September 18, 2001.
*590 Carlos Jones, Pro Se.
Office of the Attorney General by John R. Henry Jr., Booneville, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Carlos Jones pled guilty to a charge of robbery and was sentenced to serve a term of ten years. He filed a motion for post-conviction relief alleging ineffective assistance of counsel. Specifically, Jones alleged that his attorney assured him that he would be sentenced to only a six year term if he pled guilty. The trial court, after reviewing the record, including a copy of the transcript of Jones's guilty plea, denied relief without a hearing. Jones has now appealed to this Court, claiming that he was entitled to an evidentiary hearing to give him a reasonable opportunity to prove the truth of his allegation regarding his attorney's deficient performance.
¶ 2. The transcript of the plea acceptance hearing shows on its face the State's sentence recommendation. In exchange for Jones's guilty plea, the State agreed that it would seek to have a pending drug case against Jones retired to the file and ask for a ten year sentence on the robbery count. The recommendation was conditioned further that if Jones's alleged accomplice in the robbery, who was scheduled to go to trial shortly thereafter, received a sentence of less than ten years, Jones's sentence would be reduced to that received by the accomplice. Jones made no objection or protest on the record indicating that he understood the sentence recommendation to be something other than as stated by the prosecuting attorney.
¶ 3. Not every motion for post-conviction relief must be afforded a full adversarial hearing by the trial court. The movant must demonstrate, through affidavits or otherwise, the potential existence of facts that, if proven at the hearing, would entitle the movant to relief. Potts v. State, 755 So.2d 1196, 1198 (¶ 5) (Miss.Ct.App.1999). The statutes relating to post-conviction relief include the following provision:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 4. In interpreting this provision, the Mississippi Supreme Court, in Harris v. State, said:
In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example a transcript or written statements of *591 the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.
Harris v. State, 578 So.2d 617, 620 (Miss. 1991).
¶ 5. In the case before us, Jones's claim, unsupported by anything other than his own sworn assertion, that his attorney represented he would only receive six years in exchange for a guilty plea is substantially contradicted by the plain language of his plea acceptance hearing. Under authority of Harris v. State, we find that the trial court acted within the authority given it by statute when the court summarily denied Jones's petition without hearing. This appeal is, therefore, without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.