858 So.2d 221 (2003)
Matthew J. RODOLFICH, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01135-COA.
Court of Appeals of Mississippi.
October 28, 2003.
*222 Matthew J. Rodolfich, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J., for the Court.
¶ 1. Matthew Rodolfich pleaded guilty to felony driving under the influence (DUI), his third offense. He was sentenced to serve five years, but his sentence was suspended and he was ordered to serve two years' probation. After confessing to violating the conditions of his probation, Rodolfich was ordered to serve his five year term. He filed two post-conviction relief motions primarily claiming he did not understand what sentence he would receive when he pled guilty. Both were denied and from these decisions, Rodolfich, pro se, appeals to this Court.

ISSUES
I. WHETHER RODOLFICH KNOWINGLY AND VOLUNTARILY ENTERED HIS GUILTY PLEA.
II. DID RODOLFICH HAVE EFFECTIVE ASSISTANCE OF COUNSEL?

FACTS
¶ 2. Matthew Rodolfich was indicted on March 3, 1998, for felony driving under the influence (Count I) and operating a motor vehicle with BAC (blood alcohol content) of.10% or more (Count II). On September 8, 1998, Rodolfich pleaded guilty to felony DUI. He admitted to driving after consuming at least six drinks at Sneaky Pete's lounge in Harrison County. This was his third offense. The next day, he pleaded guilty to Count II. He signed his plea under the trustworthiness of an official oath. This plea stated that the sentence had a minimum of zero years and a maximum of five years. It also stated that if his probation was revoked, any sentence in that case may be consecutive to or in addition to any sentence in the case he pleaded to. Additionally, it stated that Rodolfich was satisfied with his attorney.
¶ 3. On November 17, 1998, Rodolfich was sentenced on Count II to serve five years in the custody of the Mississippi Department of Corrections for felony DUI, third offense. His sentence was then suspended and he was placed on probation for two years. Rodolfich violated his probation two times, but his probation was not revoked despite these violations. After his third probation violation, Rodolfich's probation was revoked on September 11, 2000. He was ordered to begin serving his five year term. Rodolfich filed his motion for post-conviction collateral relief on January 10, 2001. He claimed that his guilty plea was involuntary because he was confused about his sentence. He insisted, based on his attorney's advice, that he would receive only a two year sentence. On March 25, 2002, Judge Simpson of Harrison County denied this motion without the benefit of an evidentiary hearing. The judge found that Rodolfich was correctly informed as to the possible sentence to which he could be subjected.
¶ 4. On June 13, 2002, Rodolfich filed a second motion for post-conviction relief. *223 It was also denied without the benefit of an evidentiary hearing. The judge found that it was a successive writ and therefore procedurally barred. Judge Simpson also found that it was frivolous on its face. From these decisions, Rodolfich appeals to this Court.

ANALYSIS
I. WHETHER THE TRIAL COURT WAS CORRECT IN DENYING RODOLFICH'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.
¶ 5. Rodolfich's motion before this Court consists of reproduced pages from the official record. He does not clearly specify the issues he wishes to raise with this Court, but it is apparent that Rodolfich claims his sentence was unfair because he did not realize he could receive the maximum of five years at the time he pleaded guilty. This is the evaluation that the trial court used to deny his motions for post-conviction relief. Rodolfich asserts that he was not properly advised of the minimum and maximum sentence for his crime. Rodolfich also claims that he was further confused at the sentencing because four or five other persons were sentenced at the same time.
¶ 6. The trial court evaluated Rodolfich's claims and found them to be without merit. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999); Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
¶ 7. Rodolfich claims that he did not understand the sentence he would be given when he entered his guilty plea, therefore his guilty plea was not voluntary. The United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), provides the standard for determining whether a guilty plea is knowingly, voluntarily and intelligently made by the defendant. This determination of voluntariness may be evaluated by looking to see whether the defendant was advised of the nature of the charges against him, the rights which he would be waiving by pleading guilty, the maximum sentences that he could receive for the crimes with which he was charged and whether he was satisfied with the advice and counsel of his attorney. Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). See also Boykin, 395 U.S. at 243, 89 S.Ct. 1709; Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991).
¶ 8. Solemn declarations made in open court under the trustworthiness of the official oath carry a strong presumption of verity. Baker v. State, 358 So.2d 401, 403 (Miss.1978). Not every motion for post-conviction relief filed in the trial court must be given an adversarial hearing. Jones v. State, 795 So.2d 589, 590(¶ 3) (Miss.2001). When a defendant's allegations in a motion for post-conviction relief are complete contradictions of the sworn testimony before the judge at the time of the guilty plea, there is no need for an evidentiary hearing. Taylor v. State, 682 So.2d 359, 364 (Miss.1996).
¶ 9. In this case, there is sufficient evidence in the record by which to determine that Rodolfich understood the consequences of entering a plea of guilty, including the range of the possible sentence to be imposed and the constitutional rights he was giving up. The judge did not need to have an evidentiary hearing for this motion, because there was enough evidence in the record to support its denial. More importantly, Rodolfich presented no evidence *224 to the contrary. Furthermore, as in Taylor, the post-conviction relief motion in this case is a complete contradiction of the statements Rodolfich signed under oath at the time of his guilty plea.
¶ 10. Rodolfich signed under oath a "Petition to Enter a Plea of Guilty." It reads in part:
I know that if I plead "Guilty" to this charge (these charges), the possible sentence in Count 1 is 0(min) to 5 yrs (max) imprisonment and/or fine in Count 1 $200 (min) to 5,000 (max).
The record further demonstrates that Rodolfich knew that if his probation was revoked, he could be ordered to serve his prison term. Rodolfich also signed a statement saying that he was satisfied with the advice and help of his attorney.
¶ 11. Even though others were present at the time he received his sentence, Rodolfich was informed of the implications of his guilty plea. As is required by Boykin, the consequences of entering and signing the guilty plea were clearly explained in writing. Rodolfich was fairly and adequately informed of all these things when he signed the plea. Additionally, his lawyer signed a statement which further demonstrates that Rodolfich was informed of the consequences resulting from his guilty plea. This statement certifies that his lawyer explained to Rodolfich the allegations included in the indictment and the possible penalties for the crime. It further states that, based on her knowledge of the client, Rodolfich's guilty plea was made voluntarily and understandingly. Rodolfich clearly knew the nature of the charges against him, the rights he was waiving, and the maximum sentence he could receive.
¶ 12. The statements Rodolfich signed under oath clearly reflect that Rodolfich was made aware of and understood the possible sentence he would receive. He cannot overcome the presumption of veracity by claiming three years after the plea was entered that he did not understand what he was doing. This is not enough evidence to support Rodolfich's burden of overcoming the presumption of Baker. In fact, Rodolfich never complained about his comprehension of the consequences of his guilty plea until, after violating his probation three times, he was ordered to complete his sentence in jail. Rodolfich's arguments are without merit. The trial court's denial of his post-conviction relief was not clearly erroneous and its decision will be affirmed.
II. DID RODOLFICH HAVE EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 13. Rodolfich also claims that he did not have effective assistance of counsel. He argues that his lawyer told him that he would receive a two year sentence and that is the reason he pleaded guilty. He claims that his lawyer did not make him aware of the possibility of serving five years. When evaluating claims of ineffective assistance of counsel, this Court applies the standard set out in Strickland v. Washington, 466 U.S. 668, 680, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991). In regards to this second prong, Rodolfich must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard if it falls below "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, *225 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), quoted in Wilson, 577 So.2d at 396. A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if "he would have insisted on going to trial if he had been correctly informed." Wilson, 577 So.2d at 396.
¶ 14. Rodolfich's mere allegation that his lawyer was ineffective is not enough evidence to demonstrate that her performance was deficient under Strickland. Furthermore, the record clearly demonstrates that his lawyer did in fact give her client adequate advice and assistance. She signed the form stating that she had advised Rodolfich of the rights he was giving up and the possibility of receiving a five year sentence. In addition to this, Rodolfich agreed at the time of his plea he was satisfied with her performance. Also, Rodolfich has not established that he would have gone to trial if he had been correctly informed. The record shows that he was indeed correctly informed. The trial court's denial of his motion post-conviction relief was not clearly erroneous and its decision will be affirmed.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.