879 So.2d 519 (2004)
Arnie Dekeith BATES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01588-COA.
Court of Appeals of Mississippi.
July 27, 2004.
*520 Arnie Bates, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., LEE and GRIFFIS, JJ.
LEE, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Arnie DeKeith Bates was charged with sexual battery and kidnaping in the Circuit Court of Pike County. He pled guilty to the sexual battery charge, and the kidnaping charge was dismissed by order nolle prosequi. Bates was sentenced to thirty years, with twenty to be served and ten on post-release supervision, plus fines, fees assessments and court costs. With the assistance of counsel, Bates timely filed a post-conviction motion to set aside his guilty plea. His motion *521 raised one issue, namely that Bates pled guilty upon the advice of counsel that the issue of consent would not be an issue for the jury to consider. The trial court denied the motion for post-conviction relief. It is from this denial that Bates now appeals, raising six issues for the first time on appeal. Finding that the trial court correctly denied Bates' motion for post-conviction relief, this Court affirms.

DISCUSSION

I. DID THE TRIAL COURT ERR IN DENYING BATES' MOTION FOR POST-CONVICTION RELIEF?
¶ 2. When a trial court has denied a petition for post-conviction relief, this Court will examine whether the denial is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). The trial judge's obligation is to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000).
¶ 3. In his motion to set aside guilty plea, Bates argues that he pled guilty to the charge of sexual battery due to advice of his trial counsel that the issue of consent would not be an issue for the jury to consider. Construing this argument as an ineffective assistance of counsel claim, we turn to the familiar two-part test presented in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and applied to guilty pleas in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991). Regarding this second prong, Bates must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard if it falls below "the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56, 106 S.Ct. 366, quoted in Wilson, 577 So.2d at 396. A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if "he would have insisted on going to trial if he had been correctly informed." Wilson, 577 So.2d at 396.
¶ 4. Bates' counsel advised him that consent was not an issue for the jury to consider, and in his petition for post-conviction relief he argues that, without that advice, he would not have pled guilty. The trial court denied the motion to set aside the guilty plea based upon Mississippi Code Annotated Section 97-3-95 1(c). Under this section, a person is guilty of sexual battery if he or she engages in sexual penetration with "[a] child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child." Miss.Code Ann. § 97-3-95(1)(c) (Rev.2000).
¶ 5. The victim of the alleged sexual battery was a fourteen-year-old child. At the time of the offense, Bates was thirty-three years old. Under the plain language of the statute, the State would not have to address the issue of consent; the State would only have to show that the victim was between the ages of fourteen and sixteen, that Bates was more than thirty-six months older than the victim, and that Bates engaged in sexual penetration with the victim. Id. Bates' trial counsel did not *522 provide erroneous advice in advising Bates that consent was not an issue for the jury to address. Thus, the trial court did not err by denying Bates' motion for post-conviction relief.

II. ISSUES RAISED ON APPEAL
¶ 6. Bates raised six issues in appealing his petition for post-conviction relief, all of which are reproduced verbatim below.
a. WAS ATTORNEY PAUL LUCKETT INCOMPETENT TO RULES OF PROFESSIONAL CONDUCT (1.1)
b. DID ATTORNEY PAUL LUCKETT LACK SCOPE OF REPRESENTATION PURSUANT TO THE RULE OF PROFESSIONAL CONDUCT RULE (1.2) IN THE WAY THAT PAUL LUCKETT MISHANDLES YOUR DEFENDANT TRIAL.
c. WAS PAUL LUCKETT NOT DILIGENT PURSUANT TO RULES OF PROFESSIONAL CONDUCT, SPECIFICALLY, CLIENT-ATTORNEY RELATIONSHIP RULE (1.3), IN THE WAY PAUL LUCKETT MISHANDLED YOUR DEFENDANT TRIAL AND DEFENSE.
d. DID ATTORNEY PAUL LUCKETT LACK COMMUNICATION WITH ME DURING MY TRIAL CONTRARY TO RULE OF PROFESSIONAL CONDUCT, SPECIFICALLY, CLIENT-LAWYER RELATIONSHIP RULE (1.4), IN THE WAY THAT PAUL LUCKETT MISHANDLED YOUR DEFENDANTS TRIAL AND DEFENSE.
e. WAS THE VICTIM STATEMENT INCONSISTENT AND COERCE BY INVESTIGATOR GARFIELD AND LT. COWART OF THE MCCOMB POLICE DEPT.
f. WAS DEFENDANTS UNITED STATES CONSTITUTION AMENDMENT (6) RIGHT TO DUE PROCESS AND (14) RIGHT TO EQUAL PROTECTION MADE OBLIGATORY UPON THE STATE CONSTITUTION AND FURTHER PURSUANT TO MISS CONSTITUTION OF 1890: ARTICLE (3)-26 VIOLATED BY PAUL LUCKETT DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, DANNY SMITH VINDICTIVE PROSECUTION AND JUDGE MIKE SMITH PREJUDICE AND IMPARTIALITY.
¶ 7. None of these issues were presented to the trial court in the petition for post-conviction relief. New issues not presented to the trial court for resolution may not be raised for the first time on appeal. Capnord v. State, 840 So.2d 826, 828(¶ 5) (Miss.Ct.App.2003) (citing Denson v. State, 746 So.2d 927(¶ 17) (Miss.Ct.App.1999)). Accordingly, these issues are not properly before this Court.
¶ 8. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.