ISHEE, J.,
for the Court.
¶ 1. Dominick Lashaun Morris pled guilty to the sale of cocaine in the Circuit Court of Lauderdale County. He was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC), and to pay costs and a fine in the amount of $5,000, with $2,000 suspended. Morris’s pro se motion for post-conviction relief was denied by the circuit court. Aggrieved by the circuit court’s decision, Morris appealed. Finding no error, we affirm.
FACTS
¶ 2. On March 20, 2001, Morris was indicted by a Lauderdale County grand jury for the sale of 2.33 grams of cocaine, a Schedule II controlled substance. On July 25, 2001, Morris backed out of a plea agreement with the distinct attorney, and the district attorney filed a motion to amend the indictment to charge Morris as an enhanced offender pursuant to Mississippi Code Annotated § 41-29-147 (Rev. 2005), for enhanced sentencing as a prior offender of the Controlled Substances Act. The trial was set to take place on August 13, 2001.
¶ 3. On August 10, 2001, Morris filed a sworn petition to enter a plea of guilty. Morris wrote on the petition that he could receive a sentence of from zero to sixty years if convicted for the sale of cocaine as an enhanced offender. He also stated that he knew that by pleading guilty he could receive a sentence of from zero to thirty years. Morris acknowledged that he was satisfied with the advice and help his attorney gave him and that he was entering his plea of guilty knowingly and voluntarily. Morris included in the petition a description of the plea bargain agreement made with the district attorney and acknowledged that the court was not required to follow the recommendation of the district attorney.[1] Finally, Morris admitted that he knowingly sold 2.33 grams of cocaine to an undercover narcotics agent, on August 22, 2000.
¶4. The court accepted Morris’s guilty plea during a hearing on August 13, 2001. In accordance with his plea bargain agreement, the court sentenced Morris to serve eight years in the custody of the MDOC, consecutive to revocation in cause number 661-99, i.e., the six year sentence Morris was serving for his prior felony conviction of possession of marijuana. The court also ordered Morris to pay a fine in the amount of $5,000 with $2,000 suspended, court costs in the amount of $246.50, and crime lab fees in the amount of $100.
¶ 5. Morris filed a motion for post-conviction relief on July 22, 2004. Morris alleged that his “conviction and sentence should be set aside and vacated, since the [cjourt failed to inform him of the minimum penalty before accepting his plea of guilty” and because the court did not “fully advise or inform him of the consequence of a consecutive sentence.” Morris also argued that he received ineffective assistance of counsel.
*862 ¶ 6. The circuit' court held that Morris had no right to be informed of the fact that the statute under which he was sentenced contained no minimum sentencing requirement. The court also concluded that the transcript of the guilty plea hearing totally contradicted Morris’s claim that he did not understand the consequences of his plea or the consecutive nature of his sentence. Regarding the ineffective assistance of counsel claim, the court determined that Morris failed to show that his counsel’s performance was deficient, and that the deficient performance prejudiced his defense. Consequently, the court found no merit in Morris’s claims and dismissed his motion for post-conviction relief. From that dismissal, Morris appealed. He raises the following issues for this Court’s review: (1) whether Morris involuntarily entered a plea of guilty; and (2) whether Morris received ineffective assistance of counsel.
ISSUES AND ANALYSIS
I. Whether Morris involuntarily entered a plea of guilty.
¶ 7. A plea of guilty is binding upon a defendant only if the defendant entered the plea voluntarily and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). A guilty plea is voluntary and intelligent only if the defendant has been advised “concerning the nature of the charge against him and the consequences of the plea.” Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) his right to a jury trial; (2) his right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the trial court must also “inquire and determine ... [t]hat the accused understands ... the maximum and minimum penalties provided by law[.]”
¶ 8. Morris contends that his guilty plea was made involuntarily because he did not understand the nature and consequences of the plea, or the maximum and minimum penalties provided by law. Specifically, Morris asserts that he was confused by the court’s statement that he could receive zero to sixty years if he took his case to trial. Morris also asserts that his guilty plea was entered involuntarily because he was never advised in court as to the rights that he was waiving by pleading guilty. The record does not support any of these arguments.
¶ 9. Morris stated in his petition to enter plea of guilty that he was entering the plea “freely and voluntarily and of [his] own accord and with full understanding of all matters set forth in the indictment.... ” Morris acknowledged in the petition that he could receive a sentence of zero to sixty years if convicted for the sale of cocaine as an enhanced offender, and that by pleading guilty he could receive a sentence of zero to thirty years. Moreover, during the guilty plea hearing, the court inquired as to whether Morris understood that if convicted he could be sentenced from zero to sixty years in the custody of the MDOC. Morris replied that he understood. Therefore, this argument is without merit.
¶ 10. Regarding Morris’s contention that the court failed to advise him of the consequences of his guilty plea, we find that the record reveals the contrary. Among others, the court asked Morris the following questions during the guilty plea hearing: (1) whether he felt that anyone was putting pressure on him to plead guilty; (2) whether anyone was tricking or *863 manipulating him into pleading guilty; (3) whether he understood the essential elements of the crime to which he was pleading guilty; (4) whether he read the petition to enter plea of guilty that he filed with the court; (5) whether he went over the petition with his attorney paragraph by paragraph; (6) whether his attorney explained each paragraph to him and answered any questions that he might have had; (7) whether he was entering his guilty plea freely, voluntarily, and knowingly with full understanding of all matters set forth in the indictment and the petition; (8) whether he understood the constitutional rights listed in paragraph five of the petition; and (9) whether he understood that by pleading guilty he waived those rights. Morris answered “no, sir” to the first two questions, and he answered “yes, sir” to the remaining questions. Therefore, this issue is without merit.
II. Whether Morris received ineffective assistance of counsel.
¶ 11. Morris argues that he received ineffective assistance of counsel “prior to the plea of guilty proceedings, during the proceedings, and after the proceedings.” Specifically, Morris argues that he received mistaken advice from his attorney, Gary B. Jones, such as the statement allegedly made to his mother by Jones that “had he had time he would have gotten [Morris] less time.” Additionally, Morris references a statement by Jones that “by pleading guilty [Morris] would only serve the eight ... years he was pleading guilty to.” According to Morris, he relied on the latter statement by Jones and believed that by pleading guilty he would not serve the six years on the revocation in cause number 661-99. Thus, Morris contends that this mistaken advice vitiates his guilty plea.
¶ 12. The standard for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Morris must show that his attorney’s overall performance was deficient, and that this deficiency deprived him of a fair trial. Id. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996). We must be mindful of the “strong but rebuttable presumption, that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.” Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, Morris must demonstrate “that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result would have been different.” Strickland, 466 U.S. at 684, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003).
¶ 13. There is nothing in the record to overcome the presumption that Morris received effective assistance of counsel. Morris acknowledged under oath in his petition to enter a plea of guilty that his lawyer did “all that anyone could do to counsel and assist” him, and that he was “satisfied with the advice and help” that he received. Morris reiterated his sentiments during the guilty plea hearing, when he affirmed under oath that he was satisfied with the services rendered to him and on his behalf by his attorney. He also expressed under oath his belief that his attorney had done all that any attorney could do in representing him and defending his case. Furthermore, the court asked Morris whether he discussed the facts of his case with his attorney, and whether he had discussed any possible legal defenses with his attorney. Morris answered in the affirmative to both ques *864 tions. Thus, we agree with the circuit court that the “transcript of the guilty plea hearing belies [Morris’s] assertions regarding the representation by Mr. Jones.” This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.

. The plea bargain agreement consisted of a recommended sentence of eight years in the custody of the MDOC, consecutive to the revocation in cause number 661-99, a fine in the amount of $5,000 with $2,000 suspended, court costs in the amount of $246.50, and crime lab fees in the amount'of $100.