910 So.2d 1189 (2005)
James WILLCUTT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00666-COA.
Court of Appeals of Mississippi.
September 6, 2005.
*1190 James Willcutt, pro se.
Office of the Attorney General by Jean Smith Vaughan.
Before LEE, P.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. On August 5, 2002, James Willcutt pleaded guilty to possession of precursor chemicals and was sentenced to fifteen years with eight years suspended and seven years to serve in the custody of the Mississippi Department of Corrections. On April 28, 2003, Willcutt filed a motion to vacate judgment and sentence, alleging (1) ineffective assistance of counsel, (2) involuntary guilty plea, and (3) lack of authority by the trial court to suspend a portion of his sentence.
¶ 2. On March 8, 2004, the trial judge held a hearing on Willcutt's motion to vacate judgment. The record reflects the following proceedings occurred in the presence of Willcutt, his trial counsel, and a representative from the Coahoma County District Attorney's office:
BY THE COURT: I see we have Defendant's Motion to Vacate Judgment and Sentence, filed in the above and numbered cause.
The DA's office is also represented. As I understand it, we need to vacate this judgment and issue another order? Is that right, Larry?
BY MR. BAKER: That's the State's understanding, yes, sir.
BY THE COURT: All right, we've gotthe Court having previously accepted the defendant's guilty plea, will *1191 amend the sentencing order charging defendant, at the time, with possession of precursor chemicals. So the defendant in essence, as we understand it, there was awe gave the defendant fifteen years and we suspended eight, for him to serve seven, with five on postrelease supervision, when what we should have done
The defendant shall serve seven years in an institution under the direction and control of the Department of Corrections.
You will have eight years to do on post-release supervision.
All of the conditions of the previous order of this Court are in full force and effect.
Is there anything further?
(Defendant conferring with Mr. Tisdell)
BY THE COURT: From the State?
BY MR. BAKER: No, Your Honor.
BY THE DEFENDANT: Your Honor, I'm here on the inefficiency assistance of counsel [sic].
BY THE COURT: No. You're here on a Motion to Vacate Judgment.
BY THE DEFENDANT: As you will see in my motion, that I clearly stated that I had improper counsel.
(Court confers with Mr. Behrens.)
BY THE COURT: Okay. The Court has already ruled that your argument with regard to ineffective assistance of counsel is not meritorious. So, I've already ruled on that.
BY THE DEFENDANT: Well, I didn't know, Your Honor. I didn'tI didn't have a copy saying that you didn't [sic] rule on it.
BY THE COURT: No. That will be the order of the Court.
So, we'll getwe'll have another
BY THE DEFENDANT: I really don't understand what's going on. I really don't.
BY THE COURT: Well, what had what happened here is that I had given you fifteen years, and suspended eight. Okay, but you were to [sic] subject to serve seven. That was the intent. But since you had a previous felony on your record, I cannot do that. I can't suspend you know, I would have to say what you've got to serve and then what youthe other time, instead of probation, it would be post-release supervision. So, you'llwe're doingso, I'm just re-wording it for it to be legally correct.
BY THE DEFENDANT: Yeah, that was one of the facts that I brought up in my motion.
BY THE COURT: And that was
BY THE DEFENDANT: That was one of the facts.
BY THE COURT: That was a valid fact, and that was one that the Court felt was meritorious.
BY THE DEFENDANT: But my main issue was I was cohorced [sic] to take this plea.
BY THE COURT: That issue was already ruled on by the Court. That's not before me right now.
Thank you. We're in recess with regard to your plea [sic].
¶ 3. The amended order, which was entered on the same day of the hearing, did not mirror the sentence announced by the circuit judge during the hearing. The pertinent part of the order reads:
The Court having this matter set today for a re-hearing of the sentence will amend the previous sentence of this Court as follows:

*1192 Therefore, for said offense and on said plea of guilty, it is by the Court ORDERED AND ADJUDGED that said JAMES WILLCUTT is guilty of the crime of POSSESSION OF PRECURSOR CHEMICAL[S]. And being duly advised of all his/her legal and constitution rights that he/she be and he/she is hereby sentenced to serve a term of FIFTEEN (15) YEARS in an institution under the supervision and control of the Mississippi Department of Corrections, and he/she shall continue to remain in the custody of the Mississippi Department of Corrections.
The Defendant shall serve EIGHT (8) YEARS years [sic] on post-release supervision under the supervision and control of the Mississippi Department of Corrections. Said EIGHT-YEAR sentence shall commence after Defendant has served SEVEN (7) in an institution under the supervision and control of the Mississippi Department of Corrections.
¶ 4. As can be observed from the transcript of the proceedings, the circuit judge did not rule on Willcutt's ineffective assistance of counsel claim, finding instead that he had previously ruled on this claim.[1]
¶ 5. Aggrieved, Willcutt appeals to this court, asserting the following issues which we recite verbatim: (1) Appellant did suffer ineffective assistance of counsel when counsel used threats and coercion to make the Appellant enter a plea of guilty to something that the Appellant was not guilty of; (2) Appellant's plea of guilty was not voluntary and knowingly given in that the trial court failed to fulfill the requirements of Rule 8.04 before accepting the plea; (3) the trial court sentenced the petitioner illegally pursuant to Miss.Code Ann. § 47-7-33 and because of this the Appellant's guilty plea should be vacated and his plea of not guilty should be reinstated; and (4) the trial judge failed to allow the Appellant the right to present evidence in support of the issues that the appellant alleged in his post-conviction relief motion pursuant to Mississippi Code Annotated § 99-39-23(4)(7).

STANDARD OF REVIEW
¶ 6. Our standard of review of a trial court's denial of post-conviction relief is well-settled. "When reviewing a lower court's decision to deny a petition for post conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc. 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Ineffective Assistance of Counsel
¶ 7. We do not understand the basis for the trial court's statement that it had already ruled on Willcutt's allegation of ineffective assistance of counsel because it does not appear from the record that the court considered Willcutt's motion to vacate judgment prior to conducting the hearing on March 8, 2004. Nevertheless, we accept the circuit judge's statement that he ruled on the claim and found that it lacked merit. We, therefore, proceed to review the ineffective assistance of counsel claim.
¶ 8. Willcutt first argues that his attorney told him that he would probably receive *1193 a ten year sentence with nine years suspended and one year to serve in the Mississippi Department of Corrections like the codefendants who had already pleaded guilty. Willcutt contends that he told his counsel that he was not guilty and wanted a jury trial and that his counsel went into a rage and told him that if he chose to have a trial, he could get a thirty-year sentence. Willcutt maintains that when he brought his ineffective assistance of counsel claim before the court, the court would not allow him to dismiss his counsel and that the court gave him an ultimatum of defending himself or keeping the counsel that he already had. Willcutt asserts that he felt that he had no other choice but to plead guilty.
¶ 9. The State counters that Willcutt did not allege with specificity and detail that counsel's performance was deficient and prejudicial to the extent that the outcome would have been different but for the acts of counsel. Robertson v. State, 669 So.2d 11, 13 (Miss.1996).
¶ 10. To make a successful claim of ineffective assistance of counsel the defendant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Id. at 687, 104 S.Ct. 2052.
¶ 11. "The constitution does not guarantee a right to errorless counsel." Strickland, 466 U.S. at 686, 104 S.Ct. 2052. In this regard, the Strickland decision declares that:
a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v. Louisiana, supra, 350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.
Strickland, 466 U.S. at 689-90, 104 S.Ct. 2052.
¶ 12. The basis for Willcutt's ineffective assistance of counsel claim is that, according to Willcutt, trial counsel "threatened and coerced [him] to plead guilty." Willcutt says that he initially resisted the pressure from trial counsel and requested to be taken before the judge "to inform the court that he was not satisfied with defense counsel's performance and that [he] would like to retain another attorney and proceed to trial." On this point, the record reflects the following:
Mr. Tisdell [Willcutt's attorney], the floor is yours.
By MR. TISDELL: Thank you, Your Honor. In Cause No. 2002-0067, Mr. Willcutt, whom I am defending at this time, have [sic] brought to my attention that he wishes to hire hisanother attorney. An again, I informed him of the lateness of his decision, and that we are here with the jury waiting to start the trial. He requested that I bring him before you that he could speak with you personally.

*1194 BY THE COURT: Mr. Willcutt, the jury is out there. It's now 2:15. You were to be here at 8:30 this morning. You will not be given a continuance. You will tryyou will be tried out here today.
BY THE DEFENDANT: I want to see my lawyer.
BY THE COURT: Do what?
BY THE DEFENDANT: My lawyer is
BY THE COURT: Well, you should have had your lawyer here. Now, this is your lawyer of record right now. I'll make him stand out there, and you can try the case yourself. If that's what you want to do [sic]. But you're going to be tried out there today. You understand me? If you had an attorney that was ready to try this thing, you should have done it before now.
¶ 13. It is clear to us that Willcutt was engaging in a stalling tactic. It is also clear that he could have gone to trial if he had wanted to do so. Therefore, there is no basis to conclude that his trial counsel coerced him into pleading guilty. This issue is wholly without merit.

(2) Voluntariness of the Plea
¶ 14. Willcutt next asserts that the trial court failed to inform him that he was giving up his Fifth Amendment right against self-incrimination, his right to confront his accusers, his right to appeal, and that the burden was on the State to prove all elements of the offense charged in the indictment. Willcutt maintains that the trial court should have questioned him to determine whether or not the elements of the offense were present instead of merely reading the indictment and asking him if he was guilty.
¶ 15. "A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander, 605 So.2d at 1172 (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). "Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander, 605 So.2d at 1172 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 16. At the plea hearing, the following colloquy transpired between Willcutt and the circuit judge:
BY THE COURT: Mr. Willcutt, before this Court can accept your pleayou need to look at me, and this girl is going to take down everything you say.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Before I'll even accept it, now, I got to determine that your plea is freely, knowingly, voluntarily and understandingly given, and that you know what you are doing.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: That you and I are on the same page.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Okay, you got me? Raise your right hand.
* * *
BY THE COURT: Are you presently under the influence of any drugs or alcohol?
BY THE DEFENDANT: No, sir.
BY THE COURT: How old are you?
BY THE DEFENDANT: Twenty-six.

*1195 * * *
BY THE DEFENDANT: Did you hear me, sir?
BY THE COURT: Twenty-six.
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Alright, and you've been through twelve years of school?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: You can read and write?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: What type of work did you have [sic]?
BY THE DEFENDANT: Construction.
BY THE COURT: Do you understand this Petition to Enter a Plea of Guilty?
BY THE DEFENDANT: Yes, sir, I do.
BY THE COURT: Did you go over this with Mr. Tisdell?
BY THE DEFENDANT: Yes, sir, I did.
BY THE COURT: I note that you signed at the bottom of each page. Are there any questions that you have regarding this Petition?
BY THE DEFENDANT: No, sir
BY THE COURT: Anything you don't understand about it?
BY THE DEFENDANT: I knowI understand all of it sir.
BY THE COURT: You understand that you are waiving your right to a trial by jury by entering this plea of guilty
BY THE DEFENDANT: Yes, sir.
BY THE COURT:and the constitutional rights therein?
BY THE DEFENDANT: I understand when you give me whatever you give me, I got to do it. I understand that.
¶ 17. The trial judge also advised Willcutt of the maximum and minimum sentence which Willcutt could receive. The judge also had the indictment read to Willcutt and asked Willcutt if Willcutt committed the offense charged. Willcutt responded, "Yes, sir, I did." Thereafter, the trial judge accepted Willcutt's plea of guilty and found that Willcutt's plea was freely, voluntarily, understandingly and knowingly made.
¶ 18. Although there is a reference to the petition to plead guilty which was executed by Willcutt, we note that Willcutt did not find it necessary to include the petition in the record of this appeal. Because the trial court did not inquire, during the plea qualification hearing, about Willcutt's satisfaction with the services of his attorney, we have had the record supplemented with a copy of Willcutt's "Petition to Enter Plea of Guilty." In that petition Willcutt swore that he "believe[d] his lawyer [was] competent and [had] done all that anyone could do to counsel and assist [him], and that [he] was fully satisfied with the advice and help [his lawyer had given him]." Willcutt also swore that his lawyer had advised him of the elements of the charge to which Willcutt was pleading and that he had not been forced, intimidated or coerced in any manner to plead guilty. Willcutt further swore in the petition that he understood that he could withdraw his guilty plea "at any time during a hearing on [the] petition prior to the acceptance of the plea by the Court."
¶ 19. Based on the facts as we have recounted them, it is readily evident that the trial court did not err in finding that Willcutt's plea was freely, voluntarily, understandingly, and knowingly made. We affirm the finding of the trial court.

(3) Legality of Willcutt's Sentence

¶ 20. Willcutt asserts that his sentence pursuant to his guilty plea is illegal, and that he should be allowed to withdraw his guilty plea and have his plea of "not guilty reinstated." Willcutt maintains that *1196 the trial court did not have the authority to suspend any portion of the his sentence because Mississippi Code Annotated section 47-7-33 (Rev.2004) does not allow the trial courts to suspend any part of a sentence where one has a prior conviction. Willcutt is correct in this assertion. As pointed out in the earlier portion of this opinion, the trial judge recognized he had made an error in suspending a portion of Willcutt's sentence and attempted to correct the error with the amended sentencing order. Based on the transcript of the hearing on the motion to vacate judgment and sentence, we are satisfied that the trial judge imposed a sentence not of fifteen years with eight years suspended but a sentence of seven years to be served in the custody of the Mississippi Department of Corrections and eight years of post-release supervision. Therefore, we find that Willcutt did not receive an illegal sentence.
¶ 21. However, as noted in the earlier portion of this opinion, the sentencing order, for whatever reason, does not reflect the modified sentence that the trial judge announced during the hearing on Willcutt's motion to vacate judgment and sentence. Perhaps it was a scrivener's error that caused the incongruity between the sentence announced at the hearing and the sentence reflected in the amended sentencing order. In any event, the trial judge should be given an opportunity to correct the error, and we remand this case to him for entrance of a proper order in conformity with the sentence given at the hearing on the motion to vacate judgment and sentence.

(4) Denial of Opportunity to Present Evidence
¶ 22. Willcutt argues that he should have been allowed to present evidence on his ineffective assistance of counsel claim during the hearing on his motion to vacate judgment and sentence. Willcutt argues that section 99-39-23(4) of the Mississippi Code of 1972 as amended allows him the opportunity to present evidence to the court to support his motion to vacate judgment and sentence and that he was denied this right. Section 99-39-23(4) states the following: "[t]he court may receive proof by affidavits, depositions, oral testimony or other evidence and may order the prisoner brought before it for the hearing." However, "[n]ot every motion for post-conviction relief must be afforded a full adversarial hearing by the trial court. The movant must demonstrate, through affidavits or otherwise, the potential existence of facts that, if proven at the hearing, would entitle the movant to relief." Jones v. State, 795 So.2d 589, 590(¶ 3) (Miss.Ct.App.2001) (citing Potts v. State, 755 So.2d 1196, 1198(¶ 5) (Miss.Ct. App.1999)).
¶ 23. Willcutt did not present any affidavits to substantiate his claim that his trial counsel forced him to plead guilty, nor did he offer any evidence of this claim when he had an opportunity to do so before the trial court. It appears quite clear to us that Willcutt was forced to go to trial not by anything that his lawyer said or did but by the court's refusal to give him a last minute continuance. As we have already noted, the trial judge told Willcutt that he would not be given a continuance and that he could try the case himself if he was unhappy with his lawyer's performance. It was at that moment of truth that Willcutt decided to plead guilty. We find no merit in this issue.
¶ 24. In summary, we affirm the trial court's denial of Willcutt's motion to vacate judgment and sentence. However, we remand the case to the trial court for entrance of a corrected sentencing order which conforms to the actual sentence given *1197 Willcutt, that is, a sentence of seven years to serve in the custody of the Mississippi Department of Corrections and eight years of post-release supervision.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. THE CASE IS REMANDED TO THE CIRCUIT COURT FOR ENTRANCE OF A CORRECTED SENTENCING ORDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] There is nothing in the record before us regarding the trial court's previous ruling on Willcutt's ineffective assistance of counsel claim. We have examined the docket sheets and do not find any previous order regarding Willcutt's motion to vacate judgment and sentence.