ISHEE, J.,
for the Court.
¶ 1. Gilbert Dale Peckinpaugh pled guilty to one count of failure to register as a sex offender and one count of possession via the Internet of a visual depiction of a child under the age of eighteen engaged in sexually explicit conduct, in the Circuit Court of Pearl River County. For possession via the Internet of a visual depiction of a child under the age of eighteen engaged in sexually explicit conduct (“possession of child pornography”), Peckinpaugh was sentenced to serve twenty years, with five years to serve and fifteen years suspended, pending successful completion of five years of post-release supervision, in the custody of the Mississippi Department of Corrections. For failure to register as a sex offender, Peckinpaugh was sentenced to serve five years in the custody of the Mississippi Department of Corrections, to be served consecutively with the twenty-year sentence for possession of child pornography. Peckinpaugh’s pro se motion for post-conviction relief was denied by the circuit court. Aggrieved by the circuit court’s decision, Peckinpaugh appealed. Finding no error, we affirm.
FACTS
¶ 2. Peckinpaugh was indicted in two separate indictments by a Pearl River County grand jury for five counts of possession of child pornography, in violation of Mississippi Code Annotated section 97-5-38(5) (Supp.2005); one count of exhibiting to another obscene material of sexual acts of bestiality and fondling of sex organs of animals, in violation of Mississippi Code Annotated section 97-29-101 (Rev. 2000); one count of failure to register as a sex offender, in violation of Mississippi Code Annotated section 45-33-27 (Supp. 2005); and two counts of sexual battery, in violation of Mississippi Code Annotated section 97-3-95(l)(b) (Rev.2000). The first indictment, containing the failure to register as a sex offender and sexual battery charges, was handed down during the August term of 2002.[1] The second indictment, containing the remaining charges, was handed down during the December term of 2002.[2]
¶ 3. On August 12, 2003, during a guilty plea hearing, Peckinpaugh pled guilty to failure to register as a sex offender and possession of child pornography. The State dropped the remaining charges, including both counts of sexual battery, one count of exhibiting to another obscene material, and four of the five counts of possession of child pornography.
¶ 4. Richard C. Fitzpatrick, Peckin-paugh’s court-appointed counsel, assisted Peckinpaugh in filling out a sworn petition to enter a plea of guilty for each of the charges to which Peckinpaugh pled guilty. In both of the petitions to enter a plea of guilty, Peckinpaugh acknowledged that his lawyer counseled and advised him on the nature of each charge, on any and all lesser-included charges, and on all possible defenses. He further acknowledged in the petitions that by pleading guilty he waived certain constitutional guarantees, such as the right to have an attorney at all proceedings, the right to a trial, and the presumption of innocence until proven guilty beyond a reasonable doubt. Regarding *89 the count of failure to register as a sex offender, Peckinpaugh acknowledged that he could possibly receive a sentence of zero to five years and/or a fine of zero to $5,000. Regarding the count of possession of child pornography, Peckinpaugh acknowledged that he could possibly receive a sentence of two to twenty years and/or a fine of $25,000 to $100,000. In both petitions, Peckinpaugh also acknowledged that no officer or agent of any branch of government (federal, state, or local) made any promise or suggestion that he would receive a fighter sentence, probation, or any other form of leniency. Finally, Peckin-paugh stated that he was satisfied with the advice and help of his counsel and that he offered his guilty pleas “freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the indictment and in [the petitions to enter a plea of guilty].”
¶ 5. Peckinpaugh was sentenced on August 18, 2003, and on March 2, 2005, he filed a motion for post-conviction relief. In the motion for post-conviction relief, Peckinpaugh stated that he did not take issue with his conviction and sentence for failure to register as a sex offender. He also stated that he was not asserting a claim for ineffective assistance of counsel. Instead, Peckinpaugh challenged his conviction for possession of child pornography, asserting that he was innocent and that the judge had no authority to give him a suspended sentence for possession of child pornography because he had a prior conviction for sexual battery and unlawful deviant conduct in Indiana. Peckinpaugh further asserted that his guilty plea was involuntary because his attorney told him that the judge and the prosecutor agreed to give him a sentence of one year for failure to register, and one year for the single count of possession of child pornography, with both of the sentences to run consecutively and the remaining charges would be nolle prossed.
¶ 6. The circuit court held that the use of the term “suspended” in the sentencing order was mere surplusage, and that suspension of Peckinpaugh’s sentence was either no error at all or harmless error. Regarding the voluntariness of the plea, the court held that each of Peckinpaugh’s rights was carefully and thoroughly explained to him during the guilty plea hearing and in his signed petition to enter a plea of guilty. The court also held that the elements of the charges were sufficiently set forth in the indictments and that the record contained sufficient facts upon which a jury might have found Peckin-paugh guilty of the charges to which he pled. Moreover, the court noted that Pec-kinpaugh stated during the guilty plea hearing that he was under no pressure to plead guilty. Consequently, the court determined that Peckinpaugh entered his guilty pleas voluntarily and intelligently. On March 24, 2005, the court dismissed his motion for post-conviction relief. From that dismissal, Peckinpaugh appeals. He asserts the following issues for this Court’s review, which we summarize as follows:
I. Whether the circuit court lacked jurisdiction because of improper indictments.
II. Whether Peckinpaugh willfully, intentionally, or knowingly violated any law.
III. Whether the State and the court breached a plea bargain agreement with Peckinpaugh.
IV. Whether Peckinpaugh’s conviction for failure to register as a sex offender is unconstitutional because of the ex post facto clause.
V. Whether the State committed pros-ecutorial error and/or misconduct when it breached the sentencing agreement, withheld exculpatory ev *90 idence, and violated the ex post fac-to clause.
VI. Whether Peckinpaugh received ineffective assistance of counsel.
VII. Whether Peckinpaugh’s actual, factual, and legal innocence has been established.
STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Pace v. State, 770 So.2d 1052, 1053(¶4) (Miss.Ct.App.2000) (citing Terry v. State, 755 So.2d 41, 42(¶ 4) (Miss.Ct. App.1999)). However, where questions of law are raised, the applicable standard of review is de novo. Id.
¶ 8. The following issues raised by Peckinpaugh in his appellate brief were not included in his original motion for post-conviction relief: (1) whether the court lacked jurisdiction because the indictment was improper; (2) whether his conviction for failure to register as a sex offender was unconstitutional because it violated the ex post facto clause; (3) whether the State committed prosecutorial error and/or misconduct when it breached the sentencing agreement; (4) whether he received ineffective assistance of counsel; (5) whether he was actually innocent of failure to register as a sex offender because Indiana did not require registration. Consequently, these issues are procedurally barred, and they may not be raised now. Id. at 1054(¶ 5) (citing Lyle v. State, 756 So.2d 1, 3(¶ 11) (Miss.Ct.App.1999)). Nonetheless, two of the issues Peckinpaugh presents for our review were included in his original motion for post-conviction relief. Therefore, we will determine whether Peckin-paugh willfully, intentionally, or knowingly violated any law, and we will also determine whether the State and the court breached a plea bargain agreement.
ISSUES AND ANALYSIS
II. Whether Peckinpaugh willfully, intentionally, or knowingly violated any law.

(a) Adequate factual basis for acceptance of the guilty plea by the court.

¶ 9. Peckinpaugh argues that there was not an adequate factual basis for his guilty plea to the charge of child pornography. In order for a court to accept a guilty plea, the record must contain “enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.” Gaskin v. State, 618 So.2d 103, 106 (Miss.1993) (quoting Corley v. State, 585 So.2d 765, 767 (Miss.1991)). In order to form an adequate factual basis, it is not necessary to flesh out details that would be shown during trial. Id. The factual basis must be formed by any evidence before the court, or otherwise in the record before the court. Id.
¶ 10. In the case sub judice, the indictments adequately stated the nature and elements of the charges. Moreover, attached to the indictment for possession of child pornography were exhibits containing the illegal depictions. In addition to this evidence, Peckinpaugh testified during the guilty plea hearing and swore in his petition to enter a plea of guilty that he read the indictment and understood the charges to which he was pleading guilty. Therefore, we find that the court had before it an adequate factual basis for accepting Peckinpaugh’s guilty plea.

(b) Actual innocence.

¶ 11. Peckinpaugh also asserts that he is actually innocent of the charge of possession of child pornography. He *91 asserts that the computer containing the illegal depictions was inoperable and that he had no knowledge of its contents. A criminal defendant who has entered a guilty plea cannot litigate his actual guilt on appeal from a denial of post-conviction relief, unless the defendant can show that the guilty plea was not knowingly, voluntarily, or intelligently entered. Graham v. State, 914 So.2d 1256, 1259(¶8) (Miss.Ct. App.2005) (citing Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)). Therefore, we must determine whether Peckinpaugh’s guilty plea was knowingly, voluntarily, or intelligently entered.
¶ 12. A guilty plea is voluntary and intelligent only if the defendant has been advised “concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that by pleading guilty he waives the following: (1) the right to a jury trial; (2) the right to confront adverse witnesses; and (3) the right to protection against self-incrimination. Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Pursuant to Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court, the trial court must also “inquire and determine ... [t]hat the accused understands ... the maximum and minimum penalties provided by law.”
¶ 13. The record reveals that Peckin-paugh was advised concerning the nature of the charges against him and the consequences of the guilty plea. In his petition to enter a plea of guilty, Peckinpaugh acknowledged that by pleading guilty he waived certain constitutional guarantees, such as the right to have an attorney at all proceedings, the right to a trial, and the presumption of innocence until proven guilty beyond a reasonable doubt. During the guilty plea hearing, the circuit court judge explained the specific constitutional rights that were being waived in more detail. Peckinpaugh testified that he understood that he waived the following constitutional rights by pleading guilty: (1) the right to a speedy and public trial by jury; (2) the presumption of innocence until proven guilty by a unanimous jury of twelve of his peers; (3) the right to confront his accusers at trial; (4) the right to testify on his own behalf; and (5) the right against self-incrimination. He also testified during the hearing that his attorney explained the charges against him and that he understood the minimum and maximum penalties related to those charges. In the petition to enter a plea of guilty, Peckin-paugh acknowledged that he could possibly receive a sentence of two to twenty years and/or a fine of $25,000 to $100,000 for possession of child pornography. Thus, Peckinpaugh clearly understood the maximum and minimum penalties provided by law, as required by Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court. Moreover, Peckinpaugh stated in the petition that he offered his guilty pleas “freely and voluntarily and of [his] own accord and with full understanding of all the matters set forth in the indictment and in [the petitions to enter a plea of guilty].” Therefore, we find that the record does not support Peckinpaugh’s contention that he involuntarily and unintelligently entered into his guilty plea. Accordingly, this issue is without merit.
¶ 14. Under this heading, Peckinpaugh also challenges the constitutionality of his conviction for failure to register as a sex offender, pursuant to the Fourteenth Amendment of the United States Constitution. As previously stated, however, we will not address any claims pertaining to the failure to register as a sex offender *92 charge, as they were not raised in the original motion for post-conviction relief.
III. Whether the State and the court breached a plea bargain agreement with Peckinpaugh.
¶ 15. During the guilty plea hearing, Peckingpaugh testified that he was pleading guilty because he was guilty and that he was doing so voluntarily. Nonetheless, Peckinpaugh now asserts that he pled guilty because of a promise made by the circuit court and the State that he would receive a total sentence of two years in exchange for his guilty pleas to both counts. In further contradiction of his testimony that he voluntarily pled guilty, Peckinpaugh also asserts that he pled guilty because he was instructed to do so or he would get a life sentence. Ironically, this assertion also contradicts Peckin-paugh’s initial claim that he pled guilty because of a promise of leniency made by the court and the State.
¶ 16. “Great weight is given to statements made under oath and in open court during sentencing.” Sanchez v. State, 913 So.2d 1024, 1027(¶8) (Miss.Ct. App.2005) (quoting Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999)). Furthermore, it is appropriate for a trial court to place great weight on statements made during guilty plea hearings, as “[t]here should be a strong presumption of validity of anyone’s statement under oath.” Id (quoting Mowdy v. State, 638 So.2d 738, 743 (Miss.1994)).
¶ 17. As previously mentioned, Peckin-paugh testified under oath that he was entering the guilty plea because he was guilty and that he was doing so voluntarily. Peckinpaugh also acknowledge in his petition to enter a plea of guilty that any statement from his attorney that he might receive a light sentence is not binding on the court. Moreover, in his original motion for post-conviction relief, Peckinpaugh conceded that his attorney informed him that the circuit court was not going to sentence him to two years for both of the charges. Consequently, we find that the circuit court was not clearly erroneous in denying Peckinpaugh’s motion for post-conviction relief as to this issue. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.

. Cause Number K2002-618E.

. Cause Number K2002-604E.