ROBERTS, J., for the court.
 

 ¶ 1. Shaun Derrell Spratt pled guilty to selling cocaine. The Monroe County Circuit Court sentenced Spratt to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with all but three years suspended, followed by five years of post-release supervision. Spratt served his sentence and was on post-release supervision when his supervising officer filed a petition to revoke his post-release supervision and to order Spratt to serve his suspended sentence. During the revocation hearing, Spratt admitted that he had violated the terms of his post-release supervision. Consequently, the circuit court revoked Spratt’s post-release supervision and ordered, among other things, that Spratt was to serve a portion of his suspended sentence. How
 
 *481
 
 ever, the circuit court’s written order reflected a different basis for finding Spratt in violation of the terms of his post-release supervision. What is more, the written order reflected a basis for revocation that the circuit court expressly declined to find during the revocation hearing. To be precise, the written order stated that Spratt violated the terms of his post-release supervision by failing to pay court costs, failing to report to his supervising officer, and failing to pay supervision fees. In contrast, during the revocation hearing, the circuit court expressly found that Spratt met those obligations. Spratt filed a petition for post-conviction relief and claimed that the circuit court should set aside the circuit court’s revocation and subsequent sentencing order. The circuit court denied Spratt’s petition. Aggrieved, Spratt appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 13, 2001, Spratt pled guilty to selling cocaine. The Monroe County Circuit Court sentenced Spratt to twenty years in the custody of the MDOC, with seventeen years suspended and three years to serve, followed by five years of post-release supervision. Spratt began his term of post-release supervision after he served approximately two and a half years of his three-year sentence.
 

 ¶ 3. However, on February 7, 2007, Spratt’s supervising officer filed a petition to revoke Spratt’s post-release supervision and to impose Spratt’s suspended sentence. The circuit court conducted a revocation hearing. During that hearing Spratt admitted that he had tested positive for marijuana four times between February 17, 2005, and January 11, 2007. Additionally, Spratt admitted that he had received a ticket for having an insufficient child-restraint device on January 10, 2007. Spratt also admitted that he was charged with having an unprescribed Lortab tablet on that date. Finally, Spratt admitted that he also had a nine-millimeter pistol in his possession on January 10, 2007.
 

 ¶ 4. Having heard the evidence, the circuit court found that Spratt violated the terms of his post-release supervision. The circuit court ordered Spratt to serve his seventeen-year suspended sentence, with ten years suspended and seven years to serve, followed by five years of post-release supervision.
 

 ¶ 5. Spratt subsequently filed a petition for post-conviction relief. According to Spratt, his sentence constituted cruel and unusual punishment. Additionally, Spratt raised the following allegations:
 

 Petitioner would show that the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi; That the trial [e]ourt was without jurisdiction to impose [the] sentence; That the statute under which the conviction and/or sentence was obtained is unconstitutional; That the sentence exceeds the maximum authorized by law; That there exists evidence of material facts, not previously presented and heard[,] that requires vacation of the conviction or sentence in the interest of justice; That his plea was made involuntarily; That his sentence has expired; His probation, parole or conditional release was unlawfully revoked and he is otherwise unlawfully held in custody; [o]r [T]hat the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.
 

 Spratt’s generic laundry list of allegations notwithstanding, the crux of his argument was that the basis in the circuit court’s order for revoking his post-release supervision did not correspond to the circuit court’s decision during the revocation
 
 *482
 
 hearing. The circuit court denied Spratt’s petition. Aggrieved, Spratt appeals.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review this Court must employ upon a review of a trial court’s denial of a petition filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007) is well settled and has been stated by the supreme court as follows:
 

 When reviewing a lower court’s decision to deny a petition for post[-]conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised!,] the applicable standard of review is de novo.
 
 Lambert v. State,
 
 941 So.2d 804, 807 [ (¶ 14) ] (Miss.2006) (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598 [ (¶ 6) ] (Miss.1999);
 
 see also Bank of Miss. v. S. Mem’l Park, Inc.,
 
 677 So.2d 186, 191 (Miss.1996)).
 

 Callins v. State,
 
 975 So.2d 219, 222(¶ 8) (Miss.2008) (internal quotations omitted).
 

 ANALYSIS
 

 ¶ 7. According to Spratt, the violations addressed during the revocation hearing “were set out as a basis for revocation of [his] post-release supervision in the [circuit court’s] revocation [o]rder.” Spratt is correct, as the circuit court’s order states that Spratt violated the terms of his suspended sentence by (1) failing to pay court costs as directed, (2) failing to report as directed, and (3) failing to pay supervision fees as directed. During the revocation hearing, the circuit court specifically found that, aside from one instance in which Spratt failed to report to his supervising officer, Spratt met as ordered and “paid as ordered.” It is clear that the discrepancy in the circuit court’s oral pronouncements and the written revocation order are nothing more than scrivener’s errors.
 

 ¶ 8. In
 
 Willcutt v. State,
 
 910 So.2d 1189, 1196(¶ 21) (Miss.Ct.App.2005), this Court found that a sentencing order did not reflect a sentence that was announced during a hearing on a motion to vacate a judgment and sentence. This Court went on to hold as follows:
 

 Perhaps it was a scrivener’s error that caused the incongruity between the sentence announced at the hearing and the sentence reflected in the amended sentencing order. In any event, the trial judge should be given an opportunity to correct the error, and we remand this case to him for entrance of a proper order in conformity with the sentence given at the hearing on the motion to vacate judgment and sentence.
 

 Id.
 
 We find that the discrepancy in the circuit court’s oral basis for revocation and the basis set forth in the revocation order calls for the same course of action described in
 
 Willcutt.
 
 We find no reversible error and affirm the judgment of the circuit court. However, we must remand this matter to the circuit court for entry of a proper order that conforms with the basis for revocation as stated during the revocation hearing.
 

 ¶ 9. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.