# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00326-COA

GREGORY KENDALL ALLEN, JR. A/K/A GREGORY K. ALLEN, JR. A/K/A GREGORY ALLEN A/K/A GREGORY K. ALLEN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/14/2014 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY KENDALL ALLEN JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE BRELAND WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED AND REMANDED FOR CORRECTION OF THE ORIGINAL SENTENCING ORDER – 04/14/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. The Jackson County Circuit Court summarily dismissed Gregory Allen's motion for post-conviction relief (PCR). Allen, proceeding pro se, appeals and asserts: (1) he was unconstitutionally sentenced; (2) he was served with a defective indictment; (3) his plea of guilty was involuntarily made; (4) he received ineffective assistance of counsel; and (5) he

was denied a speedy trial.

¶2.     We affirm the order of the circuit court denying substantive relief. However, we remand this case for correction of the original sentencing order.

## FACTS

¶3.     Allen was charged with two counts of sexual battery for vaginally and anally penetrating his six-year-old half-sister. He was also charged with one count of touching a child for lustful purposes. He entered an agreement with the State, wherein he agreed to plead guilty to the two counts of sexual battery, and the State agreed to dismiss Count III—the charge of touching a child for lustful purposes. The circuit court accepted Allen's plea, dismissed count three of the indictment, and sentenced Allen to two concurrent twenty-five-year terms, with thirteen years to serve and twelve years of post-release supervision (PRS), all in the custody of the Mississippi Department of Corrections (MDOC).

## DISCUSSION

¶4.     "In reviewing a trial court's dismissal of a [PCR motion], our standard of review is well-[settled]. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004). "However, where questions of law are raised[,] the applicable standard of review is de novo." *Id.* (quoting *Pace v. State*, 770 So. 2d 1052 (¶4) (Miss. Ct. App. 2000)).

¶5.     Allen's main argument for the first three issues on appeal stems from the dismissal of Count III of the indictment. Allen argues that he could not be charged for that offense under Mississippi Code Annotated section 97-5-23(1) (Rev. 2014) because he was not above

the age of eighteen, as required by the statute.  Section 97-5-23(1)[1] states in pertinent part:

> Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, . . . shall be guilty of a felony . . . .

While it is true that Allen's original multi-count indictment included this charge, the circuit court dismissed this charge in light of the statute's age requirement, leaving Allen facing only two counts, both being sexual battery.  The colloquy from the guilty-plea hearing confirms this:

> STATE:     Count III, Your Honor, is a fondling charge.  But, due to his age, there is no statutory provision for a fondling.  So we'd, at this time, ask that Count III be nol-prossed.
>
> COURT:     Okay.  Mr. Allen, do you understand those two charges of sexual battery?

In addition, Allen argues that he was ultimately convicted of, and sentenced for, Count III, the count involving the touching of a child for lustful purposes.  He is partially correct.  He was not convicted of Count III, as the sentencing transcript reveals:

> Court: So, Mr. Allen, based upon your pleas of guilty to these **two charges of sexual battery**, you are hereby sentenced to serve 25 years in the Mississippi Department of Corrections on each charge.  I will order those sentences to run concurrently.  And I'm going to order that you serve 13 years of those sentences and the remainder of the time will be on post-release supervision.

(Emphasis added).  However, for some unexplained reason, when the sentencing order was entered a few days later, it provided that Allen had been convicted of not only the two counts of sexual battery, but also Count III—touching a child for lustful purposes—and was being

---

[1] The title of the statute is "Fondling child."

3

sentenced for all three counts. Therefore, Allen is correct that the sentencing order does not reflect what occurred during both the guilty-plea hearing and the sentencing hearing.

¶6. While we do not find that Allen's description of this error is proper—as an involuntary guilty plea, unconstitutional sentence, and defective indictment—it is still an error for the sentencing order to reflect that Allen had been convicted of all three counts when the record clearly shows that the fondling charge was dismissed. In *Willcutt v. State*, 910 So. 2d 1189, 1196 (¶ 21) (Miss. Ct. App. 2005), this Court found that a sentencing order did not reflect a sentence that was announced during a hearing on a motion to vacate a judgment and sentence, and stated:

> Perhaps it was a scrivener's error that caused the incongruity between the sentence announced at the hearing and the sentence reflected in the amended sentencing order. In any event, the trial judge should be given an opportunity to correct the error, and we remand this case to him for entrance of a proper order in conformity with the sentence given at the hearing on the motion to vacate judgment and sentence.

In light of the error committed here, we remand this case for the circuit court to correct the sentencing order to accurately reflect Allen's convictions and sentences.

¶7. Allen also argues that he was denied a speedy trial; however, the Mississippi Supreme Court has held that a valid guilty plea operates as a waiver of the right to a speedy trial. *See Anderson v. State*, 577 So. 2d 390, 393 (Miss. 1991). Therefore, this argument is without merit.

¶8. Allen's arguments respecting his counsel's ineffectiveness—failure to file a motion to dismiss based on denial of a speedy trial and failure to challenge the indictment based on a false charge—are likewise without merit. As stated, when Allen pleaded guilty, he waived

4

the denial-of-a-speedy-trial issue. Moreover, he stated during the plea hearing that he was satisfied with the services of his attorney. "Great weight is given to statements made under oath and in open court during sentencing." *Peckinpaugh v. State*, 949 So. 2d 86, 92 (¶16) (Miss. Ct. App. 2006). Allen's assertion that the indictment contained a false charge is erroneous. As we have already found, the charge that Allen has denoted as a "false charge" was dismissed by the circuit court, and what is likely a scrivener's error, contained in the sentencing order, will be corrected on remand.

**¶9. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED, AND THIS CASE IS REMANDED FOR CORRECTION OF THE SENTENCING ORDER. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**